```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

DARRELL CRAIG McKISSICK,           )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )    NO.  3:07-0901
                                   )
ADVANCE AUTO PARTS,                )    Judge Echols/Bryant
                                   )    **Jury Demand**
     Defendant.                    )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Dispositive motions in this case have been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 16).

Defendant Advance Stores Company, Inc. has filed its motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. (Docket Entry No. 6). Plaintiff has made numerous filings, including a motion to strike defendant's motion, and has stated that he believes that this Court lacks jurisdiction to consider his claim and that he "will no longer respond to any filings with this Court, nor will he make any further filings." (Docket Entry Nos. 9 and 22, p. 4).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that the complaint be **DISMISSED** with prejudice.

### Statement of the Case

In this case removed from the Circuit Court of Montgomery County, plaintiff Darrell Craig McKissick, proceeding pro se, has

sued his employer to recover money withheld from his paycheck pursuant to (1) federal income, Social Security and Medicare tax withholding, (2) an IRS notice of levy on wages, salary and other income under 26 U.S.C. § 6331, and (3) a wage garnishment order pursuant to 31 U.S.C. § 3720D. (Docket Entry No. 1). Plaintiff alleges that he has previously served his employer with a "written termination of all withholding authority concerning the pay of the Plaintiff," and has withdrawn permission for the defendant to use his Social Security number for any purpose. Plaintiff maintains that defendant has withheld, and continues to withhold, money from his paycheck without any legal grounds to do so. Plaintiff seeks recovery from defendant of all money withheld from his pay, and a court order prohibiting defendant from withholding funds from his future paychecks. (Docket Entry No. 1).

Defendant has filed its motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. As stated above, plaintiff has opposed this motion and has expressed his belief that this Court lacks jurisdiction and has declined otherwise to respond to or acknowledge proceedings before this Court. (Docket Entry Nos. 9 and 22).

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988).

Where there are no factual issues raised by the Rule 12 motion, and a claim can be disposed of on the face of the complaint, discovery is not needed, and it is appropriate to dismiss the claim. Flaim v. Medical College of Ohio, 418 F.3d 629, 643-44 (6th Cir. 2005). The standard of review a Rule 12(b)(6) motion to dismiss is that the factual allegations in the complaint must be regarded as true. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Yet, to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

## Summary of Pertinent Facts

Plaintiff is employed as a commercial parts pro at defendant's Advance Auto Parts store in Clarksville, Tennessee. Plaintiff's wage rate is $10.93 per hour. Plaintiff asserts that on June 18, 2007, he sent the defendant employer "a written termination of all withholding authority concerning the pay of Plaintiff," effective immediately upon receipt. (Complaint, Docket Entry No. 1-1, p. 4). Plaintiff further asserts that this letter "also withdrew permission from Defendant to use the Social Security Number provided by Plaintiff at the time of hire." Id. Plaintiff alleges that despite his "written termination of all withholding authority," his employer has continued to withhold certain funds from his paychecks. Id. at pp. 4-6. Plaintiff alleges that, as of

3

the filing of the complaint, defendant has withheld from his pay, without his authorization, the sum of $1,204.60. Plaintiff seeks recovery of all funds he alleges to have been wrongfully withheld. Plaintiff further seeks an order that defendant shall "permanently stop all withholding, for any reason whatsoever," absent a "certified" court order, and that defendant further be ordered "to stop the use of Plaintiff's Social Security Number." Id. at p. 6.

Defendant Advance Stores Company, Inc. removed this case to this Court from the Circuit Court of Montgomery County, Tennessee, asserting federal question jurisdiction under 28 U.S.C. § 1331 because the payroll withholding challenged in Mr. McKissick's complaint is mandated by federal law. (Docket Entry No. 1).

Defendant thereafter filed its motion to dismiss under Rule 12(b)(6).

In response, plaintiff McKissick has moved to strike defendant's motion to dismiss. (Docket Entry No. 9). In his motion Mr. McKissick asserts, among other things, that he has effectively "relieved" the defendant from any obligation to withhold from his paycheck, that he is not a "taxpayer" and that his pay is not "taxable income" under the tax laws, that he is not a "statutory Federal person liable for a tax," that he "reserves the right to determine his own status," that he is "without the scope of the Internal Revenue Codes of the United States Government," and that "Mr. McKissick himself is not one subject to

4

the legislative jurisdiction of the United States or its taxing authority." (Docket Entry No. 9).

## **Analysis**

A resolution of this case requires a court to determine whether an employer is immune from suit by employees for complying with federal payroll withholding requirements. Although plaintiff's complaint does not disclose the legal grounds relied upon by the defendant for its withholding from plaintiff's paycheck, from the record it appears undisputed that defendant has withheld funds from plaintiff's paycheck pursuant to (1) federal income, Social Security and Medicare taxes, (2) an IRS notice of levy for unpaid taxes under 26 U.S.C. § 1331, and (3) garnishment for a delinquent nontax debt owed to the United States, pursuant to 31 U.S.C. § 3720D.

Subject to certain exemptions, every employer making payment of wages is required by law to withhold for federal taxes. See 26 U.S.C. § 3402. The duty of an employer to withhold is mandatory, and not discretionary, so an employer is immune from liability to an employee for withholding taxes from the employee's pay. See 26 U.S.C. §§ 3402 and 3403; Maxfield v. U.S. Postal Service, 752 F.2d 433, 434 (9th Cir. 1984).

Two options are available for taxpayers who wish to challenge tax assessments. First, the taxpayer must pay the tax, file for a refund and, if the refund is denied, file suit against the United States alleging invalidity of the tax assessment. See

5

26 U.S.C. § 7422. Alternatively, if the taxpayer chooses not to pay the tax, he may challenge claims of tax deficiency in the Tax Court. See 26 U.S.C. §§ 6213, 7483(a)(1). In any event, a claim by a taxpayer that the taxpayer's employer withheld taxes from the taxpayer's wages does not state a cause of action against the employer. Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984); Pascoe v. Internal Revenue Service, 580 F.Supp. 649, 654 (E.D. Mich. 1984).

Similarly, employers who withhold wages in compliance with IRS wage levies are immune from suit because their compliance is statutorily mandated. See 26 U.S.C. § 6332(a); United States v. General Motors Corp., 929 F.2d 249, 251 (6th Cir. 1991).

Additionally, the Debt Collections Improvement Act, 31 U.S.C. § 3720D, gives federal agencies the authority to collect delinquent debts owed to the United States by garnishing the wages of the debtor. The employer is required by law to withhold from wages of its employees as directed in a garnishment order issued under this section. 31 U.S.C. § 3720D(f)(1). Although this statute requires notice to a debtor and affords a due process right to challenge the validity of the debt at a hearing, 31 U.S.C. § 3720D(b) and (c), this statute does not explicitly create a private right of action by the employee against the employer for garnishing wages pursuant to a garnishment order. Moreover, the Debt Collection Improvement Act does not satisfy the four-factor test

for implying a private remedy when the statute does not express one. See Cort v. Ash, 422 U.S. 66, 78 (1975).

Finally, plaintiff's attempt to challenge withholding by his employer based upon state law claims of breach of contract and tort must fail because federal law preempts state law in matters affecting federal income taxation and garnishments under the Debt Collection Improvement Act. See Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947); 31 U.S.C. § 3720D(a).

In view of the foregoing analysis, the undersigned Magistrate Judge finds that plaintiff's complaint, as a matter of law, fails to state a claim upon which relief can be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that the complaint be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 7th day of February 2008.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge